```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                   |
ANTHONY SPINALE, et al.,           |
                                   |
            Plaintiffs,            |
                                   |   03 Civ. 1704 (KMW)
     -against-                     |
                                   |   OPINION AND ORDER
UNITED STATES OF AMERICA, et al.,  |
                                   |
            Defendants.            |
                                   |
-----------------------------------X
```
KIMBA M. WOOD, U.S.D.J.:

Plaintiffs Anthony Spinale and G&T Terminal Packaging Co., Inc. bring this action asserting claims for damages under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968 (2006). The case is set for trial before a jury on November 26, 2007. At a pretrial conference held on November 15, 2007, Plaintiffs conceded that they had insufficient evidence to establish the proximate cause requirement of their civil RICO claim. Based on this admission, and for the reasons set forth below, the Court grants summary judgment sua sponte against Plaintiffs, and dismisses the case.

**BACKGROUND**

A more detailed description of the facts underlying this action is set forth in the Court's previous orders, familiarity with which is assumed.

Plaintiff Spinale is the President and sole shareholder of Plaintiff G&T Terminal Packaging Co., Inc., a New York corporation that buys and sells potatoes at the Hunts Point Terminal Market, a

produce market in the Bronx.  (Compl. §§ 29-31.)  In March 2003, Plaintiffs filed a Complaint against the United States, Ann M. Veneman, then-Secretary of Agriculture, and nine former United States Department of Agriculture ("USDA") inspectors, alleging violations of the civil RICO statute, and - against the United States and Secretary Veneman only - common law claims of breach of contract and fraud.  (Compl. §§ 71-153.)  Plaintiffs' claims against the United States, Secretary Veneman, and one of the USDA agriculture inspectors (William Cashin) were subsequently dismissed on various grounds.  Only Plaintiffs' civil RICO claims against the remaining defendants - eight USDA inspectors - survive.  Discovery closed in the case on October 15, 2004, and the remaining parties submitted a Joint Pretrial Order to the Court on October 31, 2006.  The case was then set down for trial on November 26, 2007.

At a pretrial conference held on November 15, 2007, Plaintiffs acknowledged that they did not have, nor could they obtain sufficient evidence to establish the proximate cause element of their civil RICO claim.  (Tr. 9:4-15; 12:9-15.)  Following this admission, the Court directed Plaintiffs to show cause why the case should not be dismissed based on Plaintiffs' admitted inability to establish a required element of their claim.  Plaintiffs requested time to review their evidence and present the Court with any evidence that could establish proximate cause.  The Court allowed Plaintiffs until November 16, 2007 to present "concrete evidence" demonstrating proximate cause under RICO.  On November 16, 2007,

Plaintiffs submitted a letter to the Court stating that they did not have any additional evidence demonstrating the element of proximate cause.

**DISCUSSION**

The Court possesses the inherent authority to enter an order granting summary judgment <u>sua sponte</u> where it determines that there is no genuine issue of material fact for trial, and one party is entitled to judgment as a matter of law. <u>Lowenschuss v. Kane</u>, 520 F.2d 255, 261 (2d Cir. 1975); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."); <u>Ramsey v. Coughlin</u>, 94 F.3d 71, 74 (2d Cir. 1996) ("[A] district court's independent raising and granting of summary judgment . . . is an accepted method of expediting litigation."). A genuine issue of material fact exists if there is sufficient evidence to allow a "reasonable jury" to return a verdict for the party against whom summary judgment is entered. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). In making this determination, the Court must view the evidence "in the light most favorable to the [losing party] and draw all reasonable inferences in its favor." <u>Am. Cas. Co. v. Nordic Leasing, Inc.</u>, 42 F.3d 725, 728 (2d Cir. 1994) (internal quotations omitted). Evidence based on speculation or conjecture, however, is insufficient to preclude summary judgment. <u>Scotto v.</u>

Almenas, 143 F.3d 105, 114 (2d Cir. 1998).

In this case, summary judgment against Plaintiffs is warranted because Plaintiffs have admitted that they do not have, nor could they obtain, sufficient evidence to establish the proximate cause element of their civil RICO claim. In order to prevail on a civil RICO claim, a plaintiff must show that the defendant's alleged RICO violation was the "proximate cause" of the plaintiff's purported injury. See Bank of China v. NBM LLC, 359 F.3d 171, 176 (2d Cir. 2004) (citing Holmes v. Sec. Inv. Prot. Corp., 503 U.S. 258, 268 (1992)). Here, Plaintiffs present two theories of proximate cause: (1) the corrupt system of bribes at Hunts Point Terminal Market, in which the remaining defendants allegedly participated, caused damage to Plaintiffs because other wholesale purchasers were given preferential treatment; and (2) Plaintiffs were damaged by inaccurate inspection when they did not pay bribes to the remaining defendants. (Tr. 4:1-4; 6:20-24.) At the pretrial conference, however, Plaintiffs admitted that they do not have sufficient evidence to prove proximate causation under either theory.

First, Plaintiffs admitted that they do not have any inspections or sales records to substantiate the alleged preferential treatment received by the other wholesale purchasers at Hunts Point Terminal Market. (Tr. 5:13-17.) At the pretrial conference, Plaintiffs readily conceded that without these specific records, it would be impossible for them to establish that other wholesale purchasers received preferential treatment, let alone

4

that this preferential treatment proximately caused Plaintiffs' injuries. (Tr. 8:14 - 9:15.) Plaintiffs therefore cannot support their civil RICO claim under this theory of proximate cause.

Second, Plaintiffs also admitted that they have insufficient evidence to prove that they were actually damaged by inaccurate inspections they allegedly received from the remaining defendants. At the pretrial conference, Plaintiffs conceded that because they do not have the inspection and sales records of other wholesale purchasers, they could not prove that these inaccurate inspections were the proximate cause of any damages they suffered. (Tr. 11:19 - 12:15.) Therefore, Plaintiffs cannot establish the required proximate cause under this theory as well.

Based on Plaintiffs' admitted inability to prove proximate cause, the Court concludes that Plaintiffs cannot establish a civil RICO claim against the remaining defendants. Accordingly, the Court grants summary judgment <u>sua sponte</u> against Plaintiffs. While it is the "preferable practice" in the Second Circuit to provide parties with ten days notice prior to a <u>sua sponte</u> grant of summary judgment, a <u>sua sponte</u> order is nonetheless appropriate where the "losing party had no additional evidence to bring" and therefore "cannot plausibly argue that it was prejudiced by the lack of notice." <u>Bridgeway Corp. V. Citibank</u>, 201 F.3d 134, 139 (2d Cir. 2000). Here, Plaintiffs conceded that they have no additional evidence to bring on the issue of proximate cause. Therefore, a <u>sua sponte</u> grant of summary judgment is appropriate in this case.

5

**CONCLUSION**

The Court concludes that there is no genuine issue of material fact for trial, and therefore grants summary judgment <u>sua sponte</u> against Plaintiffs. The trial in this case set for November 26, 2007 is canceled. The Clerk of Court is directed to close this case; all pending motions are moot.

SO ORDERED.

Dated: New York, New York
November 19, 2007

*Kimba M. Wood*
Kimba M. Wood
United States District Judge

6